IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. TRUST NAT'L ASSOC. et al.

v.     Civil No. L-04-2976

GENERAL STAR NAT'L
INSURANCE CO. et al.

## MEMORANDUM

Pending in this case is U.S. Trust National Association's ("U.S. Bank") Motion to Remand and for Costs and Attorneys' Fees. The Court will, by separate Order, grant U.S. Bank's motion. Having concluded that the insurers' argument supporting removal was insubstantial (bordering on sophistry), the Court will also award U.S. Bank the fees and costs that it incurred in obtaining a remand.

I. **BACKGROUND**

Sky Bank, acting as a Trustee on behalf of U.S. Bank, filed suit in the Circuit Court for Washington County, Maryland against General Star Indemnity and General Star National Insurance Company (collectively referred to as "General Star"). The suit sought a declaratory judgment that one or both of the insurers are liable under a Commercial Mortgage Certificates Policy issued by General Star to the Trustee in connection with a $5.9 million mortgage loan. Metropolitan National Bank extended the loan to Nielsen Enterprises MD, LLC ("Nielsen Enterprises") to enable it to obtain a long term lease on the Venice Inn, a hotel located in Hagerstown, Maryland.

The loan, which promptly went into default, was the subject of protracted litigation in this Court among U.S. Bank, Nielsen Enterprises, and the fee simple owner of the hotel. See U.S. Bank Trust Nat'l Ass'n v. Nielsen Enter. MD, 232 F. Supp. 2d 500, 502-29 (D. Md. 2002). The

loan ultimately proved uncollectable and had to be written off.

On or about September 16, 2004, General Star removed the case to this Court. The removal was in defiance of a forum selection clause that was added to the policy by endorsement on December 15, 1998. This "Service of Suit" clause gave the insured the unfettered right to select any court in the United States in which to litigate the insurer's failure to pay a claim under the policy. The endorsement reads:

### Service of Suit Clause

In the event of the failure of this company to pay any amount claimed to be due hereunder, this Company, at the written request of the insured, will submit to the jurisdiction within [sic] of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder, shall be determined in accordance with the law and practice of such court.

## II.   ANALYSIS

Citing the Service of Suit Clause, U.S. Bank moved to remand the instant case back to the Circuit Court for Washington County. In opposing the motion, General Star conceded that the Service of Suit clause is legally valid and permits the insured to choose the forum where a "failure to pay" case would be heard.[1] General Star's argument ran as follows:

(i)   the forum selection clause kicks in only "[i]n the event of the failure of this company to pay any amount claimed to be due hereunder . . .",

(ii)   the clause had not yet been triggered because the insured had not yet filed a proof of loss form,

(iii)   the insured cannot file a proof of loss form until the full extent of the "distribution deficiency" on the Venice Inn loan has been ascertained;

---

[1] Courts have repeatedly upheld the validity of such forum selection clauses. See, e.g., Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796 (5th Cir. 2001); Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999).

2

the last of the Venice Inn lawsuits was tried to a jury only this week. Had the plaintiff (Nielsen Enterprises) prevailed fully in the suit, a solvent party (the Landlord) would have been stuck with the loan, and the amount of the distribution deficiency would have been reduced or eliminated;

Any proof of loss filed before the distribution deficiency has been ascertained is premature and, therefore, insufficient to trigger the forum selection clause.

U.S. Bank contends that no proof of loss is required, pointing out that on February 25, 2004 General Star filed a declaratory judgment action against it in this Court. See General Star Nat'l Ins. Co. et al. v. U.S. Trust Nat'l Assoc., L-04-490 (D. Md.). In that suit, which the Court will soon dismiss, General Star denies any liability under the policy in connection with the Venice Inn loan. General Star is seeking a judgment declaring that there is no coverage for any part of the distribution deficiency. The Bank maintains that this suit makes the filing of a proof of loss irrelevant. A proof of loss is not a necessary preliminary to suit when the insurer has flatly disclaimed coverage, maintains the Bank.

The insurer disagrees, contending that a proof of loss is necessary to trigger the forum selection clause, and that a proof cannot be filed until the exact distribution deficiency concerning the Venice Inn loan becomes known. Up until that date, the insurer is entitled to pursue a declaratory judgment action in the forum of its choice. So long as the declaratory judgment is entered before the proof of loss can be filed, the insurer's forum choice stands, argues General Star.

This Court disagrees. General Star's hyper-technical argument flies in the face of the clear intendment of the Service of Suit Clause. In a dispute over coverage, the insured is entitled to select the forum. General Star has long since decided not to pay a single dollar on the Bank's claim. Under the clear and unambiguous language of the forum selection clause, General Star

"will submit" to the jurisdiction of any court of competent jurisdiction selected by the Bank. The Circuit Court of Washington County, which encompasses the City of Hagerstown, is such a court.

Exercising its discretion, the Court will award to the Bank the full amount claimed as attorneys' fees and expenses: $9,942.65. This amount is reasonable in terms of hourly rate and number of hours worked. Because the Service of Suit clause is contained in General Star Indemnity Company's policy, it, and not its co-defendant, will be ordered to pay.

## III.   CONCLUSION

For the foregoing reasons and the reasons stated in open court on May 18, 2005, the Court will, by separate Order, (i) AWARD Plaintiffs $9,942.65 in costs and attorneys fees under 28 U.S.C. § 1447(c), and (ii) REMAND this case to the Circuit Court for Washington County.

Dated this 21st day of June, 2005.

Benson Everett Legg
Chief Judge

4